IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

WINSTON THOMAS,

        Petitioner,       :      Case No. 1:17-cv-396

  - vs -                                District Judge Timothy S. Black
                                        Magistrate Judge Michael R. Merz

Warden,
  Madison Correctional Institution
                                    :
        Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Respondent's Motion to Dismiss (ECF No. 6) which Petitioner opposes (ECF No. 7). Respondent has filed the State Court Record (ECF No. 5), but has filed no reply in support of the Motion to Dismiss, and the time for doing so has expired.

Mr. Thomas pleads two grounds for relief:

> **Ground One:** Denied absolute right to procedural due process under 14th Amendment, U.S. Constitution.
>
> **Supporting Facts:** Petitioner, while a federal prisoner in Mashannon Valley Correctional Center in the state of Pennsylvania was illegally extradited to State of Ohio without a final extradition hearing where his true identity was established.
>
> **Ground Two:** Denial of absolute right to procedural due process under 14th Amendment U.S. Constitution.
>
> **Supporting Facts:** Petitioner was illegally extradited for Ohio from State of Pennsylvania without a governor's warrant being secured and executed.

1

(Petition,[1] ECF No. 1, PageID 6-7.)

The Respondent seeks dismissal on grounds the Petition does not state a claim cognizable in habeas corpus, that it is barred by Petitioner's procedural default in presenting the claims to the Ohio courts, and also that it is barred by the statute of limitations. Because Mr. Thomas's claims are procedurally defaulted and time-barred, the Court need not reach the more difficult questions of cognizability.

**Procedural History**

The events giving rise to Mr. Thomas's conviction occurred on October 9, 2007, when a van in which he had traveled to Ohio from Boston was stopped on Interstate 71 and found to be carrying 313 pounds of marijuana. He was indicted by a Warren County grand jury on drug charges, but fled the jurisdiction after his motion to suppress was denied. At some later point in time he was convicted on federal charges and sentenced to thirty-seven months imprisonment which the Federal Bureau of Prisons designated to be served at the Mashannon Valley Correctional Center in Pennsylvania. Ohio lodged a detainer against him with the federal authorities and took custody of him on April 18, 2012, transporting him back to Warren County to stand trial.

The case was in fact tried to a jury which convicted Thomas on the drug charges. He was then sentenced to six years confinement. He appealed to the Twelfth District Court of Appeals which affirmed the conviction and sentence. *State v. Thomas*, Case No. CA202-10-096, 2013-

---

[1] Mr. Thomas has filed his Petition on the form designed for habeas corpus actions under 28 U.S.C. § 2241. As a prisoner in state custody, his federal habeas corpus remedy is limited to that provided under 28 U.S.C. § 2254. Because he filed the Petition pro se, he is entitled to liberal construction and the Court will treat the Petition as being made under § 2254.

Ohio-3411, 2013 Ohio App. LEXIS 3501, 2013 WL 3982655 (12th Dist. Aug. 5, 2013). Thomas took no appeal to the Ohio Supreme Court, but filed an original petition in habeas corpus in that court July 13, 2015 (State Court Record, ECF No. 5, PageID 352, *et seq*.) After the Ohio Supreme Court dismissed that petition, Thomas filed a habeas corpus petition in the Twelfth District on April 18, 2016. *Id.* at PageID 363, *et seq*. After the Twelfth District dismissed that petition in June 2016, Thomas did appeal to the Ohio Supreme Court which affirmed the Twelfth District's judgment. *State ex rel Thomas v. Richard,* Case No. 2016-0962 (Apr. 20, 2017)(copy of Judgment Entry as ECF No. 5, PageID 461.) Thomas then filed the instant Petition on June 12, 2017.

# Analysis

**Procedural Default**

The Warden contends Thomas's Petition is barred by his procedural default in presenting those claims to the Ohio courts (Motion, ECF No. 6, PageID 476).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406

3

(6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under [*Wainwright v.] Sykes*[, *supra*,] that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Applying the *Maupin* analysis, the Magistrate Judge finds that Ohio does have a relevant procedural rule, to wit, that issues which can be raised on direct appeal must be raised there or be barred by criminal res judicata as set forth in *State v. Perry*, 10 Ohio St. 2d 175 (1967).

Second, the Twelfth District Court of Appeals enforced that rule against Thomas when he applied to that court for a state writ of habeas corpus. The court held:

> Petitioner argues that he is entitled to habeas corpus relief because, after he absconded from Warren County, Ohio and was convicted of federal drug-related charges, he did not waive extradition and was subsequently illegally returned to Ohio in violation of the interstate agreement on detainers. This is an issue that could have been and was raised before the Warren County Court of Common Pleas and before this court on appeal. See *State v. Thomas*, Warren GP No. 07 CR 24553, order denying motion to dismiss indictment filed August 28, 2012; *State v. Thomas,* 12th Dist. Warren No. CA2012-10-096, 2013-Ohio-3411. Although petitioner contends that he is making a different argument pertaining to his extradition in support of the present petition for writ of habeas corpus, it is clear that the issue of whether he was properly returned to Ohio could have been raised and was raised before the trial court and before this court on appeal.
>
> Based upon the foregoing, it is apparent that petitioner is properly in the custody of the respondent, having been convicted of criminal offense and sentenced to imprisonment therefor by a court of competent jurisdiction. If errors or irregularities have occurred in the proceedings, appeal was his proper remedy. *Ex-parte Van Hagan,* 25 Ohio St. 426 (1874). See, also, *Burch v. Morris,* 25 Ohio St.3d 18 (1986). The petition for writ of habeas corpus is therefore DENIED.

*State ex rel Thomas v. Richard*, Case No. CA2016-04-018 (12th Dist. 2016)(unreported, copy at ECF No. 5, PageID 385-87). The Court looks through the summary Entry of the Ohio Supreme

5

Court on appeal to this prior reasoned decision of the Twelfth District. Y*lst v. Nunnemaker*, 501 U.S. 797 (1991).

As to the third *Maupin* prong, the Sixth Circuit has repeatedly held that the *Perry* res judicata rule is an adequate and independent state basis of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Thomas does not claim any cause and prejudice to excuse his default. Instead, he asserts that he is actually innocent because the Ohio courts never properly acquired jurisdiction (Reply, ECF No. 7, PageID 486-87). Actual innocence will excuse procedural defaults, including a failure to file within the statute of limitations.

The controlling precedent on this point is now the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332, 115 S.Ct. 851, 130 L. Ed. 2d. 808.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). The Sixth Circuit has described the kind of

new evidence required to prevail on an actual innocence claim:

> "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 624 (1998), *citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

Thomas has presented no new evidence of factual innocence, i.e., that he was not in possession of the 313 pounds of marijuana. Instead, he claims the Ohio courts lacked jurisdiction, which amounts at most to a claim of legal innocence.

In sum, the Warden's claim of procedural default is well taken.

**Statute of Limitations**

With certain exceptions not applicable here, 28 U.S.C. § 2244(d) provides for a one-year statute of limitations on habeas corpus petitions with the time running from when the relevant conviction became final on direct appeal. In this case, Mr. Thomas did not appeal to the Ohio Supreme Court from the affirmance of his conviction by the Twelfth District. That affirmance occurred August 5, 2013, so Mr. Thomas's time to appeal to the Ohio Supreme Court expired forty-five days later on September 19, 2013. Because he took no appeal, the statute of limitations began to run that day and expired one year later on September 19, 2014. A properly filed collateral attack on a conviction will toll the statute, but Thomas did not seek state habeas

relief until July 13, 2015.  An application for collateral relief which is not filed until after the statute has run does not restart the statute.  The Petition was not filed here until June 12, 2017, almost three years after the statute expired.

In sum, the Warden's statute of limitations defense is well taken.

**Conclusion**

Based on the foregoing analysis, the Respondent's Motion to Dismiss should be GRANTED and the Petition dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 17, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).